Yabucoa Sugar Company, Plaintiff and Appellant, *v.* Josefina Fabián Finlay, etc., Defendant and Appellee.

No. 8566. Argued February 11, 1943.—Decided March 1, 1943.

*Francisco González Fagundo* for appellant. *Hugh R. Francis* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The Yabucoa Sugar Co. filed in the District Court of Humacao an action of warranty against Josefina Fabián Finlay as sole heir of her father, Rafael Fabián. The essential allegations of the complaint, admitted by the demurrer filed by defendant, are as follows:

In the year 1907 the Yabucoa Sugar Company purchased from Rafael Fabián a rural estate located in Yabucoa. On August 30, 1937, René Cintrón Parra filed in the District Court of Humacao an action of revendication of the said estate. The Yabucoa Sugar Company having been served with summons it asked that the seller, Mr. Fabián, be given notice of the suit for eviction, and the court so ordered on September 15, 1927. The summons having been issued and since Mr. Fabián could not be served personally because he was in Europe, on October 20, 1927, the court ordered that he be summoned by publication in the newspaper "La Democracia," once a week during the period of forty days. In compliance with that order, the summons was published on November 1, 8, 15, 22, and 29, and December 5, 1927. Fabián did not appear to defend The Yabucoa Sugar Company's rights. The District Court of Humacao rendered judgment dismissing the complaint filed by René Cintrón Parra. Said judgment having been appealed this court reversed it on July 22, 1931, 42 P.R.R. 668, adjudging that plaintiff Cintrón Parra was entitled to recover half of the estate in question together with the fruits of the same in accordance with law. Appellant argues that as a result of said judgment it was obliged to pay Cintrón Parra the sum of $13,752.41, for the fruits of the estate; that, in addition to that sum, it was deprived of one-half the real property, of a value of $15,000, and was forced to spend a sum of $3,000 in defending the suit; and it prays that defendant be ordered to pay it the sum of $31,752.41, plus interest and costs.

On June 30, 1937, the District Court of Humacao sustained the demurrer and granted plaintiff a term of ten days to amend its complaint if possible.

Reconsideration having been sought and denied, the Yabucoa Sugar Company filed an amended complaint, wherein a second cause of action was stated. In this cause of action all the allegations of the original complaint are restated and it is alleged:

2. That Fabián appointed Toro Cabañas of San Juan to represent him in the suit, and that said attorney in behalf of Fabián and after the Supreme Court had decided the case, held several interviews with the plaintiff and its representative, "trying to determine the amount of the fruits and to reach a settlement, thereby acknowledging having received notice of the complaint filed in case No. 12496."

3. That at the time that he sold the estate to the plaintiff, Fabián knew that he had no title or valid right whatsoever over the half of the estate which he appeared as acquiring from Zoilo Cintrón; that, in spite of having said knowledge, he sold to plaintiff the entire estate, the contract of sale, therefore, being void as to one-half the estate.

Defendant asked that paragraphs 2 and 3 of the second cause of action be stricken and filed a demurrer to the amended complaint, alleging that the facts pleaded in the first as well as in the second cause of action are insufficient and that the alleged second cause of action is unintelligible and uncertain. On April 20, 1942, the lower court ordered that paragraphs 2 and 3 of the second cause of action be stricken and rendered judgment dismissing the complaint with costs to the plaintiff. Plaintiff alleges as grounds for its appeal that the judgment appealed from is contrary to law.

The only question to be decided is whether or not the service of summons on Mr. Fabián, made in the form alleged in the complaint, was legally sufficient to summon him for eviction and to subject him to the jurisdiction of the Dis-

trict Court of Humacao. If Fabián was not duly summoned for eviction, his heir, defendant herein, is not obliged to give a warranty.

Section 1370 of the Civil Code provides that the seller shall be obligated to give the proper warranty "whenever it is proved that he was given notice of the suit for eviction at the instance of the vendee." And §1371 of the same code provides that the defendant vendee shall request, within the period fixed by law for answering the suit, that notice thereof be given to the vendor, and that this notification shall be made in the manner established in the law for the summoning of defendants.

In the case at bar the summons was published six times, the first time on November 1 and the last on December 5, 1937. It is evident that from the day of the first publication until the day of the last publication there had elapsed only 35 of the forty days during which, according to the order of the court, the summons should have been published.

Plaintiff holds that the Code of Civil Procedure is the one which determines the way in which summonses must be issued and notice thereof given to non-resident defendants; and he insists that the publication in the case at bar was made in accordance with law since it was made every week of those comprised within the said term of forty days."

The same question which we are now considering was considered and decided against appellant in *Huete* v. *Teillard*, 17 P.R.R. 46, wherein the facts were identical to those of the instant case. This court held the following:

"But it is useless to figure out the time by any such method as this in order by such juggling to show that the 40 days could be covered. The order says the publication shall be made for a period of 40 days, and it cannot be reasonably construed to mean anything else than the time elapsing from the first to the last weekly publication shall be at least 40 days. Had the order fixed the time in weeks instead of in days a different view might possibly be taken, but it says *days* and it means *days*. (*Morse* v. *U. S.*, 29 App. D. C.,

433.) But the required time *for service of summons* throughout the Code of Civil Procedure is expressed in days, and the summons in this case properly follows the statute in this respect.

"It is vain for the trial judge, on May 13 in his order, to say that he considers that 'the defendant has had sufficient time, and that the summons had been published a sufficient time'; the matter had then passed beyond his discretion, and the only question left for his consideration was whether or not the order which had been made previously had been complied with and carried out."

The distinction which appellant so ingeniously tries to establish between the case of *Huete* v. *Teillard, supra,* and the case at bar, even if it existed, would not be sufficient to render the former inapplicable to the decision of the latter. Appellant holds that in the *Huete* case the publication of a summons was made in order to subject a defendant to the jurisdiction of the court which ordered the service by publication; that in the case at bar, the object of the publication is only to give the vendor notice that an action of revendication has been filed in relation to the estate which he sold, in order that he appear in the case to defend it if he so wishes; and that a distinction should be made between these special notifications provided by the Civil Code and the notifications contained in §89 *et seq.* of the Code of Civil Procedure.

.We have already seen that §1370 of the Civil Code requires that as a condition precedent to the exercise of the action of warranty the complaint for eviction be notified to the vendor at the instance of the vendee. Section 1371 of the same Code expressly provides that "the notification shall be made in the manner established in the said law for the summoning of defendants," that is, in accordance with the provisions of §89 *et seq.* of the Code of Civil Procedure.

In his commentaries on §§1481 and 1482 of the Spanish Civil Code, equivalent to §§1370 and 1371 of our Code, Manresa states as follows:

". . . The vendee has only one condition which he must fulfill: that of having the complaint notified; if this is proved, his right to a warranty is absolute without the vendor having any right to oppose it. Here we have the preliminaries to the exercise of the action for eviction of which we spoke in the commentary to the preceding section: The warranty, according to §1480 cannot be demanded until an unappealable judgment has been rendered; but the action for eviction is commenced before this judgment, by serving notice of the complaint on the vendor.

"If notice is not served—§1481 states—the vendor will not be compelled to give the warranty; which makes it clear that the effect of the noncompliance by the vendee of the fact which conditions its right results in the absolute loss of the same.

"*　　*　　*　　*　　*　　*　　*

"As to the way in which notice must be served, no matter who the person is to whom it is addressed, paragraph 2 of §1482 states that it shall be made in the manner established by the law of Civil Procedure for the summoning of defendants. That is to say that in substance this notice is in reality·a summons; and it could not be otherwise, for if it is true that the object in so far as the vendee is concerned, is to prepare the action of eviction, in so far as the vendor is concerned it really tends to prevent his being prejudiced by making unnecessary the warranty if he shows that the action filed against the vendee is unjust, which he can only show at the trial for which reason it is necessary that he be summoned." (Manresa, *Comentarios al Código Civil*, vol. 10, 4th ed., p. 196 *et seq.*)

We hold, then, in accordance with the authorities cited, that the notification of a vendor in a case of eviction must be made in strict compliance with the provisions of §§94 and 95 of the Code of Civil Procedure and the order of the court for the publication of edicts; and that the publication of the summons in the case at bar was not sufficient to compel Rafael Fabián or his heir to give the warranty of the sale. The publication made was not "during the period of forty days," as was ordered by the district court.

 Appellant has tried in vain to bring to life the cause of action of warranty, lost because of the insufficiency of the notice of the action for eviction which was given to

vendor Fabián. And to that effect it alleged that an attorney, representing Fabián, "and after the case had been decided by the Supreme Court" sustaining the complaint for eviction, held interviews with the representatives of The Yabucoa Sugar Company for the purpose of reaching a settlement in the present action of warranty.

Accepting that the alleged negotiations between Attorney Toro Cabañas and the representatives of The Yabucoa Sugar Company really took place, since the same were held after the final decision by this Supreme Court of the action of eviction wherein Fabián did not have an opportunity to intervene because he had not been duly summoned, the mere fact that these negotiations took place could not have the retrospective legal effect of curing the defect in the summons which, we have already held, was not served in accordance with the law. These negotiations could in no way be sufficient to confer upon the district court jurisdiction over the person of Fabián, when the case had already ended by a final (*firme*) judgment of this court. The allegation that, due to the fact that negotiations took place for the settlement of the action of warranty, Fabián "thereby acknowledged having received notice of the complaint filed in case No. 12496," an action of revendication, is an erroneous and unsupportable conclusion of law, and the lower court did not err in striking it out.

■ Our decision in *Rodríguez* v. *The San Juan Fruit Company*, 60 D.P.R. 425, cited by appellant in its supplementary brief, in no way aids its contention that since Fabián had knowledge of the action of revendication filed against The Yabucoa Sugar Company, it was not necessary that he be cited for eviction. We have already seen, in the first place, that what is alleged is that Fabián had knowledge of the existence of the suit after it had definitely ended. Furthermore, the case of *Rodríguez* v. *The San Juan Fruit Company, supra,* presented a situation completely different

from that of the case at bar. In the *Rodríguez* case, he bought an estate from The San Juan Fruit Company and in proceeding to take possession of the same, he was unable to do so because The Star Fruit Company had taken possession of the real property and refused to deliver it. Rodríguez filed an action of revendication against The Star Fruit Company and notified by letter The San Juan Fruit Company, the seller, asking its help; and notified it in time that the case had been set for trial. The vendor lent Rodríguez a map and sent its agent to testify at the trial. The case having been decided against him and in favor of The Star Fruit Company, Rodríguez then sued The San Juan Fruit Company, the vendor, demanding the warranty of the sale. The defendant alleged in its defense that it had not been notified of the eviction. In affirming the judgment rendered in favor of Rodríguez, this court held as follows:

". . . The peculiar character of this case is due to the fact that the vendor could not be summoned therein to defend against eviction because the plaintiff purchaser was not sued, but being out of possession, he was compelled to sue the occupant of the thing sold. It would be unjust to deprive a purchaser in such a situation of his right to a warranty."

It was held, furthermore, that the notice given by Rodríguez to the vendor, as to the existence of a suit; the demand made for assistance in defending his title; and the notice given of the date set for the trial, constituted a substantial compliance with the law. In the case at bar even substantial compliance was not had of the legal requirement which the law imposes upon the vendor when he is sued, as in this case, to give notice of the eviction to the vendor.

The lower court did not err in dismissing the complaint. The judgment appealed from must be affirmed.